11-1488-pr
*Whitfield v. Imperatrice*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, Connecticut, on the 30th day of April, two thousand twelve.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
DENNY CHIN,
            *Circuit Judges.*

_____

John Whitfield,

            *Plaintiff-Appellant,*

            v.                                                    No. 11-1488-pr

James F. Imperatrice, Chief Clerk, *et al.*,

            *Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | John Whitfield, *pro se*, Woodbourne Correctional Facility, Woodbourne, NY. |
| **FOR DEFENDANT-APPELLEES:** | Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, and Marion R. Buchbinder, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, |

NY, *counsel for the State Defendants*; Larry Sonnenshein and Julian L. Kalkstein, *of counsel, for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, *counsel for the City Defendants*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Chief Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 9, 2011 judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant John Whitfield ("Whitfield"), *pro se*, appeals from the March 9, 2011 judgment of the District Court dismissing his 42 U.S.C. § 1983 complaint. In a Memorandum and Order dated March 9, 2011, the District Court granted the State Defendants' motion for summary judgment, granted the City Defendants' motion to dismiss, and denied the plaintiff's motions for summary judgment, to amend his complaint for a second time, to reopen discovery, to hold the Kings County District Attorney's Office in contempt, and to compel the production of certain grand jury minutes from the Kings County District Attorney's Office.[1]

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Briefly, Whitfield alleges that in April and May 2008, he filed records requests with the Kings County Supreme Court to obtain (1) the 1982 criminal case file of Richard Doyle, who had been convicted of assault and criminal use of a firearm, and (2) the certificate of disposition and sentencing minutes filed in that case.[2] Whitfield claims that by failing to comply with his requests for records and transcripts, (1) the State and City Defendants denied him meaningful access to the courts in violation of his rights under the First and Fourteenth Amendments; (2) in response to his complaint filed with the Office of Court Administration, the State Defendants retaliated against him by failing to process his Article 78 petition; (3) the State and

---

[1] The State Defendants are James F. Imperatrice, Chief Clerk of the Kings County Supreme Court ("KCSC"), Criminal Term; Edward J. Volpe, Chief Clerk of KCSC, Civil Term; Ellen Neri, Principal Court Reporter of KCSC; Donna Johnson, Senior Court Clerk of KCSC, Criminal Term; Barbara Zahler-Gringer, Counsel of Administration and Operations, New York Office of Court Administration ("OCA"); and Sherrill Spatz, Inspector General, OCA. The City Defendants are James Russo, Record Access Officer, and Jonathan David, Record Access Appeals Officer, both of the New York Police Department Freedom of Information Law Unit.

[2] Whitfield sought these materials in connection with his N.Y. Criminal Procedure Law § 440.10 motion to vacate his 1989 conviction, which he filed in June 2008. *See* Am. Compl. ¶ 24.

City Defendants conspired with the Kings County District Attorney's Office to deny him access to the requested records; and (4) the State of New York, through the failure of the State and City Defendants to process his requests, violated State Judiciary Law §§ 255 and 301.

We review an order granting summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party. *See, e.g.*, *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). We also review *de novo* a district court's grant of a motion to dismiss, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).

Our review of the record confirms that Whitfield failed to state a cognizable claim against either the State or City Defendants for the denial of his right to access the courts. "The constitutional right of access to the courts is violated where government officials obstruct legitimate efforts to seek judicial redress." *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 397 (2d Cir. 2008) (internal quotation marks and alteration omitted). To succeed on an access-to-court claim, a plaintiff must demonstrate "actual injury" by proving that the denial of access "hindered his efforts" to pursue a non-frivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349, 351–53 (1996); *see also Christopher v. Harbury*, 536 U.S. 413, 415 (2002) ("[O]ur cases rest on the recognition that the right [of access to the courts] is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.").

In this case, Whitfield's access claim is based on his allegation that the State and City Defendants refused to provide or delayed in providing him copies of another individual's 25-year-old criminal record, which he sought to use in connection with a § 440.10 motion to vacate his 1989 conviction. But on this record, no reasonable jury could find that any delay by the Defendants in producing these materials hindered Whitfield's ability to pursue post-conviction relief. Indeed, the state court ultimately denied Whitfield's § 440.10 motion based on a finding that his claims were procedurally barred—not because he failed to produce the evidence he sought from the Defendants. Whitfield's argument on appeal that the District Court should have conducted a *de novo* review of the state court decision is without merit, since that decision is entitled to full faith and credit pursuant to 28 U.S.C. § 1738. *See Univ. of Tennessee v. Elliott*, 478 U.S. 788, 796 (1986) (holding that § 1738 "requires that state-court judgments be given both issue and claim preclusive effect in subsequent actions under 42 U.S.C. § 1983").

Whitfield similarly failed to state a cognizable claim for retaliation against the State Defendants. To state a First Amendment retaliation claim under § 1983, a plaintiff must allege that: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated by or substantially caused by plaintiff's exercise of that right; and (3) the defendant's actions effectively chilled the plaintiff's exercise of his rights. *See Connell v. Signoracci*, 153 F.3d 74, 79 (2d Cir. 1998). Whitfield argues on appeal that there is an "obvious[ ]" causal connection between the complaints he filed with court personnel and the State Defendants' alleged refusal to respond to his requests. He also asserts that the State Defendants' actions were "intentional, malicious and prompted" by his complaints. An independent review of the record, however, does not reveal any such causal connection. Rather, Whitfield's arguments appear to be based solely on his own speculation, which is insufficient to defeat a summary judgment motion. *See Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) ("conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion").

Because Whitfield failed to state an access-to-court or a retaliation claim, his conspiracy claim was also properly dismissed as a matter of law. *See Young v. County of Fulton*, 160 F.3d 899, 904 (2d Cir. 1998) ("[Where t]here was no deprivation of a federal constitutional right, . . . there can be no civil rights conspiracy to deprive that right.").

Finally, we review the District Court's denial of Whitfield's motion for leave to amend for abuse of discretion, "keeping in mind that leave to amend should be freely granted when 'justice so requires.'" *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 177 (2d Cir. 2006) (internal quotations marks omitted); *see Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining that the term of art "abuse of discretion" includes errors of law). After having reviewed Whitfield's arguments on appeal, we find no such abuse of discretion in the District Court's decision to deny his motion to amend on the basis of futility.

## CONCLUSION

We have considered all of Whitfield's remaining arguments on appeal and found each of them to be without merit. Accordingly, the March 9, 2011 judgment of the District Court is **AFFIRMED**.

Whitfield has also filed a motion to strike and for the imposition of sanctions due to the failure of counsel for the City Defendants to timely serve him with a copy of their brief. That motion is **DENIED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court